UNITED STATES DISTRICT COURT NEW YORK
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ALEX RODRIGUEZ,                                          :
                                    Plaintiff,:

        -against-                      :      **COMPLAINT**
                                              :      **AND JURY DEMAND**
THE CITY OF NEW YORK, POLICE OFFICER      :
MATTHEW BESSEN, POLICE OFFICER PUJA NEGI, :    24 Civ. 6289
POLICE OFFICER PATRICK HUGHES, and         :
PRESENTLY UNKNOWN MEMBERS OF THE NEW       :
YORK CITY POLICE DEPARTMENT,               :
                                      Defendants.:
------------------------------------------------------------------- x

       Plaintiff ALEX RODRIGUEZ, by and through his attorneys, GOLDSTEIN + HOROWITZ LLP, complaining of defendants, THE CITY OF NEW YORK, POLICE OFFICER MATTHEW BESSEN, POLICE OFFICER PUJA NEGI, POLICE OFFICER PATRICK HUGHES, and PRESENTLY UNKNOWN MEMBERS OF THE NEW YORK CITY POLICE DEPARTMENT, respectfully shows to the Court and alleges upon information and belief:

## JURISDICTION AND VENUE

       1.     This action is brought pursuant to 42 U.S.C. §1983 for violations of plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

       2.     This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331 and 1343(a).

       3.     This Court has supplemental jurisdiction over the State Court claims pursuant to 28 U.S.C. §1367.

1

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff, ALEX RODRIGUEZ ("Alex"), is a resident of Brooklyn, New York.

6. Defendant THE CITY OF NEW YORK (the "City") was and is a domestic municipal corporation duly organized and existing pursuant to the laws of the State of New York.

7. Defendants P.O. MATTHEW BESSEN, P.O. PUJA NEGI, P.O. PATRICK HUGHES and PRESENTLY UNKNOWN MEMBERS OF THE NEW YORK CITY POLICE DEPARTMENT (the "officers") are all employees of defendant the City.

## CONDITIONS PRECEDENT TO STATE CLAIMS

8. Mr. Rodriguez has timely served a written notice of claim upon the City, more than thirty days have elapsed since then, and this action is brought within one year and ninety days of the occurrence.

## FACTUAL BACKGROUND

9. Plaintiff Alex Rodriguez is presently an 18 year old high school student.

10. On November 15, 2023, Alex ordered a sandwich from his local grocery and at about 11:00 P.M., began walking from his home to pick it up.

11. As Alex was talking on his cell phone, walking along Crystal Street in Brooklyn, New York towards the store, a dark-colored van was moving slowly towards him in the opposite direction.

12. As the van came near Alex, he heard a female voice say something to the effect of "Hey, where are you going?"[1]

13. As Alex had no idea what was going on, he proceeded to walk faster towards the store.

14. The female got out of the van and began following him. He shouted "why are you following me?" The female said "why are you walking away?"

15. The van then backed up and went ahead of Alex and a man got out. As the man and woman started walking towards Alex from opposite directions, he saw they were police officers but had no idea why they were approaching him.

16. Scared, he immediately crossed to the other side of the street.

17. At that point, another man, also a police officer, came out of the van.

18. All three officers followed Alex across the street and surrounded him while his back was against a wall.

19. One of the male officers said, "we want to make sure you have nothing on you" and reached out his hand towards Alex.

20. Alex instinctively pushed the officer and immediately Alex was punched in the head and fell to the ground, face forward.

21. As he was on the ground, he was being hit on the head but he was unable to determine if he was being punched or kicked or both.

---

[1] All statements in quotes are to the best Alex remembers them. To the extent they were slightly different, the meaning and intent was the same.

22. He started screaming, "I was just going to get some food." One of the officers said "Don't cry like a bitch."

23. Alex was then rear-cuffed as he lay on the ground.

24. Alex was then pulled up and placed spread-eagled against the van.

25. One of the male officers began searching Alex and grabbed his genitals really hard. Alex said "what the fuck you just squeezed my dick." The officer said "that's how we search." He also heard the officers again say that "you are being a bitch" and "that's why you got beat up."

26. Alex was then placed in the van. He asked what he was being arrested for and got no answer.

27. The cuffs were hurting him and he asked that they be adjusted and the female officer told him that would be done at the precinct. She then said "you never should have pushed a cop".

28. Alex was driven to the stationhouse. He was placed in a room and additional pair of cuffs were used to attach him to a chair.

29. When the officer asked for identifying information, Alex told them he would tell them if they loosened his cuffs. The officers refused to do that and instead told Alex that if he identified himself, "they'd cut him a break and not charge him with felony assault."

30. Alex continued to insist his cuffs be loosened first and after about an hour, the officers agreed to release the cuffs and Alex identified himself.

31. Apart from his cell phone, Alex had also been carrying a food card belonging to his mother's partner. One of the male officers looked at the picture on the card and said she was "an ugly bitch."

32. Alex was told he was being charged with resisting arrest, OGA, and jaywalking.

33. After several hours at the stationhouse, Alex was released from the police precinct when his mother's partner arrived to pick him up.

34. While Alex was told the charges that were being made against him, no charges were ever filed.

35. Alex was never given an appearance ticket, nor did he ever receive anything in the mail requiring him to go to court.

36. Alex was not fingerprinted at the stationhouse.

37. The officers knew what they did to Alex was improper and they tried to cover it up by not preparing any documentation.

38. The officers had no basis for stopping Alex.

39. The officers had no basis for arresting Alex.

40. The officers used excessive force on Alex.

41. The officers had no basis for searching Alex.

42. The officer who searched Alex had no basis for squeezing his genitals.

43. The officers had no basis for detaining Alex at the stationhouse.

44. As a result of the defendants' actions, Alex sustained trauma to his head and body which resulted in head, neck and wrist pain. Alex continues to get headaches and neck pain.

45. As a result of the defendants' actions, Alex sustained psychological trauma resulting in anxiety, nightmares, fear of walking on the street, fear of police officers, shortness of breath and heart palpitations.

46. The behavior of the officers in stopping Alex for no reason, beating him, squeezing his genitals, cuffing him and detaining him was clearly outrageous and shocking to the conscience of reasonable people.

47. At all times relevant, the defendant officers were acting within the scope of their employment as police officers for the City of New York.

48. At all times relevant, the defendant officers were acting under color of State law.

49. The City of New York was deliberately indifferent with respect to the training, supervising and disciplining of the defendant officers which led to the wrongful acts herein.

50. The defendant City encouraged and condoned the wrongful acts by the defendant officers.

## FIRST CLAIM

51. Plaintiff repeats and re-alleges the allegations of the prior paragraphs.

52. Defendants' acts and conduct constituted an unlawful assault and battery of the plaintiff.

## SECOND CLAIM

53. Plaintiff repeats and re-alleges the allegations of the prior paragraphs.

54. Defendants' acts and conduct constituted an unlawful arrest and false imprisonment of plaintiff.

## THIRD CLAIM

55. Plaintiff repeats and re-alleges the allegations of the prior paragraphs.

56. Defendants' acts and conduct constituted the intentional infliction of emotional distress on the plaintiff.

## FOURTH CLAIM
### (42 U.S.C. § 1983)

57. Plaintiff repeats and re-alleges the allegations of the prior paragraphs.

58. The defendants' acts and conduct violated plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

**WHEREFORE,** the plaintiff ALEX RODRIGUEZ, demands the following relief:

(1) Compensatory damages;

(2) Punitive damages;

(3) Attorneys' fees, costs and disbursements;

(4) Such other and further relief as this court finds just and proper; and

(5) Plaintiff demands a trial by jury.

Dated: New York, New York
September 6, 2024

                              Yours, etc.,

                              GOLDSTEIN + HOROWITZ LLP
                              Attorneys for Plaintiff
                              ALEX RODRIGUEZ

By _____
       MICHAEL GOLDSTEIN (4884)
115 West 29th Street, Suite 805
New York, New York 10001
Office: (212) 248-4900
Mobile: (973) 951-9048
michaelgoldstein@gmail.com

Docket No. __24-CV-6289_____

UNITED STATES DISTRICT COURT NEW YORK
EASTERN DISTRICT OF NEW YORK

ALEX RODRIGUEZ,

           Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER MATTHEW BESSEN,
POLICE OFFICER PUJA NEGI, POLICE OFFICER PATRICK HUGHES,
and PRESENTLY UNKNOWN MEMBERS OF THE NEW YORK CITY
POLICE DEPARTMENT,

           Defendants.

**SUMMONS IN A CIVIL ACTION and**
**COMPLAINT & JURY DEMAND**

**GOLDSTEIN + HOROWITZ LLP**
Attorneys for Plaintiff
ALEX RODRIGUEZ
**115 West 29th Street, Suite 805**
**New York, New York 10001**
**(212) 248-4900**
**(212) 248-2848** *fax*

Service of a copy of the within        is hereby admitted.
Dated,       , 20__

          ...........................................................................................
          Attorneys for

Sirs/Madams: -- Please take notice

_____<u>Notice of Entry</u>

that the within is a true copy of a dated and duly entered in the office of the clerk of the within named court on

<u>Notice of Settlement</u>

that an       of which the within is a true copy will be presented for settlement to the HON. one of the judges of the within named Court, at       on       20   at M.