UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEX RODRIGUEZ,

        *Plaintiff,*

– against –

THE CITY OF NEW YORK; POLICE OFFICER MATTHEW BESSEN; POLICE OFFICER PUJA NEGI; POLICE OFFICER PATRICK HUGHES; PRESENTLY UNKNOWN MEMBERS OF THE NEW YORK CITY POLICE DEPARTMENT,

        *Defendants.*

**MEMORANDUM & ORDER**
24-cv-06289 (NCM) (TAM)

---

**NATASHA C. MERLE**, United States District Judge:

    Plaintiff Alex Rodriguez brings this action against defendants the City of New York ("City") and several individual police officers. Compl., ECF No. 1. Plaintiff alleges violations of his constitutional rights and seeks damages pursuant to 42 U.S.C. § 1983. Compl. ¶ 1. Before the Court is the City's motion to stay this action pending developments in a Civilian Complaint Review Board ("CCRB") investigation into related allegations. ECF No. 14 ("Motion"). For the reasons stated below, the Court **DENIES** the Motion and refers the matter to Magistrate Judge Taryn A. Merkl for pretrial supervision.

## BACKGROUND

    Plaintiff filed this action in September 2024. Plaintiff, then a high school student, alleges that as he walked to a local grocery store one night to buy a sandwich, several police officers followed and surrounded him, and shortly thereafter, he was "punched or kicked or both" in the head as he lay on the ground. Compl. ¶¶ 9–21. He was also handcuffed and aggressively searched by the police officers. Compl. ¶¶ 23–25. Plaintiff

1

alleges that he was then driven to a police precinct, handcuffed again, questioned, and charged with multiple offenses, including resisting arrest and jaywalking. Compl. ¶¶ 26–32. Plaintiff further alleges that he was eventually released from police custody and received no ticket or mailing requiring a court appearance. Compl. ¶¶ 33–36. Plaintiff alleges that defendants' actions caused him "head, neck and wrist pain" as well as "psychological trauma resulting in anxiety, nightmares, fear of walking on the street, fear of police officers, shortness of breath and heart palpitations." Compl. ¶ 44–45.

In lieu of answering the complaint, the City requested a stay of the case in its entirety until the conclusion of a CCRB investigation "into the incident underlying plaintiff's claims in this matter." ECF No. 12. Upon this request and on the consent of the parties, the Court stayed the action for 60 days and directed the City to respond to the complaint or file a status report as to the CCRB investigation thereafter. ECF Order dated Dec. 5, 2024. The City then requested an additional stay of 90 days and represented that the CCRB investigation "is expected to conclude in approximately three months, though there are some variables making it difficult to estimate a conclusion date with certainty." Mot. 1. The City also requests "leave to seek another extension of the stay" after the expiration of any 90-day stay. Mot. 3.

Plaintiff represents that his consent to the initial 60-day stay was based on the City's agreement to provide a copy of the New York Police Department's sprint report and potentially participate in informal discovery. ECF No. 13 ("Opposition"). Plaintiff further indicates that the City is no longer willing to engage in informal discovery exchanges. Opp'n 1. Plaintiff opposes the stay on this ground and contends that the CCRB investigation is not a valid basis for a stay of the action. Opp'n 1.

## DISCUSSION

The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).[1] The party moving for a stay must "establish a clear case of hardship or inequity in being required to go forward." *United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014). In evaluating a motion to stay civil proceedings, courts consider the five "*Kappel* Factors":

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023) (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). When assessing these factors, "the basic goal is to avoid prejudice." *Rankine*, 674 F. Supp. 3d at 68.

The City contends that a stay is warranted for three primary reasons: the investigation file is inaccessible as its contents are protected by the law enforcement and deliberative process privileges during the CCRB investigation; the City cannot resolve representational issues with the individual defendants while the CCRB investigation proceeds; and plaintiff will suffer no prejudice from a stay as there are no statute of

---

[1] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

limitations concerns in this action. Mot. 1–2. None of these reasons weigh in favor of granting the City a stay.

*First*, the Court cannot assess the applicability or scope of the law enforcement and deliberative process privileges as to any documents or portions thereof before the plaintiff has requested them, the City has identified them, and the parties have presented the dispute to the Court. The City provides no information as to what documents may raise these privilege issues, or in what context any discovery may implicate these concerns. Presumably, the City anticipates that these privileges will prevent disclosure of any documents from the CCRB investigation to the plaintiff. However, the law enforcement and deliberative process privileges are qualified limitations on discovery, subject to document-specific inquiries and balancing tests. *See Capellan v. City of New York*, No. 20-cv-00867, 2020 WL 13904618, at *4 (E.D.N.Y. Sept. 17, 2020) ("[E]ven predecisional, deliberative documents pertaining to the CCRB investigation are not definitively shielded from discovery."); *Goodloe v. City of New York*, 136 F. Supp. 3d 283, 294 (E.D.N.Y. 2015) ("Once the proponent of the law-enforcement privilege has established its applicability to the documents that are the subject of a discovery dispute, the matter is not necessarily settled."); *New York v. Mayorkas*, No. 20-cv-01127, 2021 WL 2850631, at *12 (S.D.N.Y. July 8, 2021) ("Like the deliberative-process privilege, [the law enforcement privilege] is qualified, not absolute, and thus subject to a balancing test."). The assessment of whether any privilege prevents disclosure of documents is to be done by the Court when presented with a discovery dispute, not by defendant.

Further, the City may have already begun its own investigation into plaintiff's allegations since the filing of this complaint almost five months ago. Indeed, the City already produced to plaintiff the New York Police Department's sprint report regarding

the underlying incident. Mot. 3 n.1. The Court discerns no reason as to why discovery in this action—regardless of the internal CCRB investigation—could not commence under these circumstances. For example, the parties may exchange initial disclosures, even if supplemental discovery may be necessary after the conclusion of the CCRB investigation. Accordingly, the potential applicability of these privileges in discovery do not weigh in favor of a stay of this action in its entirety.

*Second*, the status of legal representation for the individual defendants does not weigh in favor of a stay. The City is correct that New York General Municipal Law Section 50-k requires Corporation Counsel to "reach a conclusion as to whether an employee acted within the scope of his employment at the time of the underlying incident before assuming that employee's representation." Mot. 2 (citing N.Y. Gen. Mun. L. § 50-k). However, a stay of the proceedings is not a remedy commensurate with the City's need to make this determination. Indeed, individual defendants[2] may retain counsel while the City determines whether its counsel will represent those defendants as well—a determination that may not necessarily be resolved with the completion of the CCRB investigation. *See Saint-Fort v. City of New York*, No. 22-cv-06879, 2023 WL 2771606, at *3 (E.D.N.Y. Apr. 4, 2023) (noting that "the individual defendants to this action can simply enter an appearance through their own counsel (either through the Police Benevolent Association, or privately retained) while Corporation Counsel determines whether it can represent the officers"). The status of representation for the individual defendants—who are not currently represented by Corporation Counsel and "may end up

---

[2]   The City also contends that while a "disciplinary proceeding or investigation is pending," its ability to speak with the officers is "limited." Mot. 2. While this may be true, as stated above, these officers do not represent the only avenue to discover facts about the underlying incident.

5

being [the City's] adversary" in this action, *Saint-Fort*, 2023 WL 2771606, at *2 n.1—does not weigh in favor of the City's request for a stay.

*Third*, plaintiff has a "legitimate interest in the expeditious resolution" of this action. *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995). Discovery during the "early stages of litigation" is material to any resolution of this case, in part to safeguard "the memories of witnesses" and the preservation of documents. *Capellan*, 2020 WL 13904618, at *5. This is true here, where the underlying incident occurred more than a year ago. *See* Compl. ¶ 10 (describing incident in November 2023). Indeed, "a CCRB investigation can be a time-consuming and protracted process" depending on the number of officers involved and the "complexity of the underlying events." *Saint-Fort*, 2023 WL 2771606, at *3. While the City has requested a stay limited to 90 days, it is unable to provide an estimate as to when the CCRB investigation related to this case is likely to conclude and instead asks to submit another status update at that time. Mot. 1, 3. Accordingly, the prejudice to plaintiff weighs against a stay.

Furthermore, the Court finds that the interests of the public and the courts weigh against a stay. Adjudicating the merits of a case regarding allegations of police misconduct is deeply intertwined with the public's interest and trust in its law enforcement. Likewise, the Court's interest lies in controlling "its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The *Kappel* Factors therefore collectively weigh against a stay of this action.

6

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion and refers the matter to Magistrate Judge Taryn A. Merkl for pretrial supervision. The City shall file an answer or otherwise respond to the complaint by March 13, 2025.

**SO ORDERED.**

                                                        */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:      February 11, 2025
              Brooklyn, New York